UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    vs.<br>CLINTON LEE HALBERT,<br>    Defendant. | No. CR-09-0172-LRS<br>(CV-13-0111-LRS)<br>**ORDER DENYING<br>§2255 MOTION** |

**BEFORE THE COURT** is Petitioner's "Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to Title 28 U.S.C.A. §2255." ECF No. 373.

The court normally conducts an initial review of a §2255 motion. The initial standard of review for motions under §2255 is whether:

> [I]t plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court . . . .

Rule 4(b), Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code. This initial review was not conducted because counsel was appointed upon the motion of Petitioner and the United States Attorney filed a response.

## I. BACKGROUND

Clinton Lee Halbert was indicted on December 16, 2009 for Conspiracy to Manufacture a Controlled Substance in violation of 21 U.S.C. § 846 and Manufacture of Marijuana in violation of 21 U.S.C. § 841(a)(1). Mr. Halbert proceeded with trial on June 28, 2010 and the jury rendered a guilty verdict on July 1, 2010 for both counts. On February 8, 2011, Mr. Halbert was sentenced to

**ORDER DENYING
§2255 MOTION-**         **1**

54 months probation, with home confinement for 18 months concurrent on each count; and 3 years Supervised Release on each count and concurrent; and a special assessment of $200. The fine was waived. On February 16, 2011, Judgment was entered. (ECF No. 259).

Mr. Halbert, through counsel Ms. Lindholdt, filed a direct appeal of his final judgment and sentence on February 23, 2011, pursuant to Fed. R. App. P. 4(b)(1). On April 10, 2012, the Ninth Circuit Court of Appeals affirmed the district court's decision. ECF No. 355. On March 15, 2013, Mr. Halbert filed a 28 U.S.C. § 2255 petition. ECF No. 373. After an initial denial of Mr. Halbert's request for appointment of counsel, the Court reconsidered its order based on the exceptional circumstances shown in Petitioner's motion for reconsideration. ECF No. 380. Counsel was appointed on June 19, 2013 to represent Petitioner for his § 2255 habeas petition.

Mr. Halbert raises four grounds in his petition: 1) ineffective assistance of counsel; 2) lack of probable cause and trespass; 3) violations of substantive and procedural due process (denied a fair trial); and 4) illegal search and seizure.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

Defendant must prove: (1) counsel's performance was deficient, and (2) movant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). As to the first prong, there is a strong presumption counsel's performance was sufficiently effective. *Id*. at 689. Defendant must show his counsel's performance was "outside the wide range of professionally competent assistance." *Id*. at 690. As to the second prong, Defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different (i.e., a guilty plea would not have been entered). A "reasonable probability" is a "probability sufficient to undermine confidence in the proceedings. *Id*. at 694.

Petitioner contends in his original §2255 Motion, filed pro se (ECF No. 373), that the (4) grounds for his motion are: 1) ineffectual assistance of counsel (conflict of interest, communication between Pat Stily and Frank Cikutovich); 2) lack of probable cause and trespass; 3) substantive and procedural due process violation(s); and 4) illegal search and seizure.

Petitioner contends his counsel was ineffective because the "[c]ase was not investigated or supported with the facts on pre-trial and trial." ECF No. 373 at 4. Petitioner claims that the "[m]otions lacked substance, facts..." *Id*. Petitioner argues that he was provided with "unethical advice" but does not provide any details for this Court's review.

In ground two of his original §2255 Motion, Petitioner alleges lack of probable cause and trespass. Petitioner alleges that Agent Petty violated the rights of "vacationers, residents and defendants privacy" by entering the private property of China Bend Winery to "sneak and creep" from 1:05 a.m. to about 2:30 a.m. when a common person expects privacy. However, the Ninth Circuit determined that Agent Petty's warrantless entry was not an illegal search in violation of the Fourth Amendment. *United States v. Halbert*, 472 Fed. Appx. 461 (9th Cir. 2012)(unpublished).

In ground three of the original §2255 Motion, Petitioner alleges "substantive and procedural due process violations." Petitioner argues he was unlawfully precluded from presenting a medical marijuana defense. The Ninth Circuit addressed this issue and determined that "the district court was correct in excluding evidence of Clinton Halbert's proposed medical marijuana defense." *Id*.

In ground four of the original §2255 Motion, Petitioner alleges "illegal search and seizure." However, the Ninth Circuit determined that the "district court did not clearly err by issuing either of the two search warrants in this case, or by denying the Halberts' motion to suppress evidence and their request for a Franks hearing." *Id*.

**ORDER DENYING**
**§2255 MOTION-                    3**

Petitioner, through counsel, additionally argues in the Supplement & Amendment (ECF No. 389) that in the motion to suppress evidence, trial counsel did not utilize longstanding Ninth Circuit precedence and failed to move the Court to examine the presence of probable cause separately for each of the residences located on the subject parcel. (ECF No. 89-1).

The record simply does not support Mr. Halbert's allegations of ineffective assistance of counsel. The argument regarding separate probable cause for each residence will be discussed more thoroughly in section B below. Mr. Halbert has failed to establish that his counsel fell below an objective standard of reasonableness. First, counsel prepared and filed a lengthy motion for Franks Hearing/Motion to Suppress Evidence. (ECF No. 89). Second, counsel filed a declaration of Defendant Halbert in an effort to provide a basis for the pretrial motion. (ECF No. 89-2). Third, counsel provided the Court with several attachments in support of his motion to suppress evidence. (ECF No. 89-3). Fourth, counsel filed additional memoranda prior to trial as well as motions in limine. (ECF No. 118; 129). Fifth, counsel cross-examined each of the government's witnesses at trial. (ECF No. 130). Lastly, counsel filed a detailed sentencing memorandum which resulted in a sentence of probation only, despite a recommended guideline range of 21-27 months imprisonment for each count, concurrently. (ECF No. 238).

Here, Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his attorney had given the assistance that Petitioner suggests he should have provided. Petitioner received probation rather than imprisonment. These ineffectiveness claim(s) are without merit.

### B.    Probable Cause

The thrust of Petitioner's argument is that probable cause did not exist for his residence and defense counsel failed to conduct a separate and independent

**ORDER DENYING**
**§2255 MOTION-**                         4

examination of the facts to determine if probable cause existed for each separate residence. ECF No. 389 at 25-26. Petitioner and his co-defendant son lived at two separate residences 3772 Vineyard Way and 3767 Vineyard Way respectively on the subject property but the warrant issued pertained to 3772 Vineyard Way (Petitioner's residence) only.

      The Government responds that the affidavit clearly established probable cause to search 3772 Vineyard Way. A review of the affidavit in question shows that the affiant clearly advised the magistrate of the existence of the two separate residences. Throughout the affidavit the affiant clearly drew a distinction between 3767 Vineyard Way and 3772 Vineyard Way. The Government specifically lists the probable cause factors that the Magistrate had before him: 1) Hatfield had described a marijuana bunker buried under the ground; 2) the marijuana bunker was located in close proximity to 3772 Vineyard Way; 3) a FLIR device was activated which confirmed a hidden structure underneath the ground; 4) Agent Petty had been on the property and observed the alleged marijuana bunker and observed items commonly associated with growing marijuana; 5) Defendant and his spouse were identified as the customer/subscriber for the power utilized on the parcel; 6) the billing address for the power was 3772 Vineyard Way; 7) there was a massive jump in power as to both meters and there did not appear to be any significant fluctuation in power typically common during the four seasons; and 8) information provided by the State of Washington Employment Security Department (allowing a comparison of income to Avista Utility bills (power bill) showing 29% of total income was dedicated to power bills); 9) an informant had previously reported the odor of cultivating marijuana coming from with the structure on the Defendant's property; 10) Hatfield had ledgers documenting that he had been purchasing marijuana from "Clint" and "Wright"; 11) Hatfield reporting purchasing marijuana from Wright and that he (Hatfield) believed Wright was selling marijuana for the Defendant; 12) despite

**ORDER DENYING**
**§2255 MOTION-**                5

the massive power jump in power, 3767 Vineyard Way had little power (Wright utilized lanterns as a light source); and 13) Stevens County Real Property Search indicated the parcel in question was owned by the Defendant, his spouse, and co-Defendant Wright Halbert.

Petitioner argues that the power consumption for 3767 Vineyard Way is nearly double that of 3772 Vineyard Way. (ECF No. 389 at 20). The Government responds that the Defendant and his spouse were the customers/subscribers for all power meters on the parcel and according to Hatfield, the 3767 Vineyard Way residence was utilizing lanterns and propane.

Petitioner argues that despite the fact that he is the subscriber/customer for all Avista Utility bills, it is merely a "hunch" that he was aware of the bills or the massive increase in power utilized. The Government counters that a magistrate is free to draw "reasonable inferences . . . from the material supplied to him by applicants for a warrant." *Dougherty v. City of Covina*, 654 F.3d 892, 898 (9th Cir. 2011)(quoting *Illinois v. Gates*, 462 U.S. at 238). The Government also notes that Petitioner fails to appreciate the fact that the massive power consumption lacked any fluctuation common with a change of seasons.

The Court does not find Petitioner's arguments convincing. The Court has reviewed the parties' arguments and finds that the 52-page affidavit supplied probable cause under the totality of the circumstances approach. *United States v. Celestine*, 324 F.3d 1095, 1102 (9th Cir. 2003).

### III. CONCLUSION

The Court finds that based on the §2255 motion and the prior proceedings in the case, Petitioner is not entitled to relief. Petitioner's "Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to Title 28 U.S.C.A. §2255" (**ECF No. 373**) is **DENIED**, as is his request for an evidentiary hearing to review the claim of ineffective assistance of trial counsel's failure to allegedly "raise a meritorious Fourth Amendment issue before the trial court." (ECF No. 400 at 28).

1    **IT IS SO ORDERED.** The District Court Executive is directed to file this
2  Order.
3    **DATED** this ___19th___ day of August, 2014.

                            *s/Lonny R. Suko*
                        _____
                            LONNY R. SUKO
                        Senior United States District Judge

**ORDER DENYING**
**§2255 MOTION-**                7